1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  BRIAN R. FAERSTEIN (CABN 274850)
   Assistant United States Attorney
5
         450 Golden Gate Ave., Box 36055
6        San Francisco, California 94102
         Telephone: (415) 436-6473
7        Fax:       (415) 436-7234
         E-Mail:    brian.faerstein@usdoj.gov
8
   Attorneys for United States of America
9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                         SAN FRANCISCO DIVISION

13

14  UNITED STATES OF AMERICA,           )  Case No. CR 17-0389 RS
                                        )
15              Plaintiff,              )  STIPULATION AND [PROPOSED] ORDER
         v.                             )  EXCLUDING TIME FROM SEPTEMBER
16                                      )  19, 2017, TO NOVEMBER 21, 2017
    JENNIFER RENEE MCPIKE,              )
17  DRAY TERRY MOSBY, and               )
    EFRAIN GERARDO SANTAMARIA,          )
18                                      )
                Defendants.             )
19

20

21       The United States of America, by and through Assistant United States Attorney Brian R.

22  Faerstein, and defendants Jennifer Renee McPike, by and through her attorney Brian P. Berson, and

23  Efrain Gerardo Santamaria, by and through his attorney Galia Amram, hereby stipulate that, with the

24  Court's approval, the time between September 19, 2017, and November 21, 2017, is excludable under

25  the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), for continuity of counsel and effective

26  preparation of counsel.

27

28

STIP. AND [PROP.] ORDER TO EXCLUDE TIME
17-CR-0389 RS                          1

1    The parties appeared before this Court on September 19, 2017, at 2:30 p.m., for an initial status conference in this proceeding. The government informed the Court that the third co-defendant in this case, Mr. Mosby, had yet to be apprehended or make an appearance. The government represented that it had made two productions of discovery to the defendants who were appearing before the Court, and the only discovery outstanding consisted of audio and video recordings pertaining to the charged transactions in this case. The government explained that because the recordings contained information regarding a confidential source and undercover agents, the government would produce copies of the recordings only pursuant to an appropriate protective order entered by the Court. The government informed the Court that it had sent defense counsel a proposed protective order and the parties were meeting and conferring as to certain concerns raised by the defense. The parties hope to reach agreement on a proposed protective order to file for the Court's consideration in the very near future. In the meantime, the government made clear that the audio and video recordings are available for the defendants and defense counsel to review at the offices of the Bureau of Alcohol, Tobacco, Firearms and Explosives. Upon the defendants' request, the Court set a further status conference in this proceeding for November 21, 2017.

Ms. Amram indicated that she was appearing for Mr. Santamaria on behalf of Daniel Blank, who was currently unavailable, and expected Mr. Blank to resume the representation of Mr. Santamaria by the time of the next status conference on November 21, 2017. In light of the discovery the government had produced thus far and the recordings the government anticipated producing upon entry of an appropriate protective order, the defendants requested time be excluded between September 19, 2017, and November 21, 2017, under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), for effective preparation of counsel and, in the case of Mr. Santamaria, for continuity of counsel. The government had no objection to that request.

The parties stipulate that the failure to exclude time would deny Mr. Santamaria continuity of counsel and deny counsel for both defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence under 18 U.S.C. § 3161(h)(7)(B)(iv). The parties further stipulate that the requested continuance and further exclusion of time, from September 19, 2017,

to November 21, 2017, is in the interests of justice and outweighs the best interest of the public and the defendants in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).

IT IS SO STIPULATED.

Dated:  September 20, 2017        BRIAN J. STRETCH
                                  United States Attorney

                                  _____/s/_____
                                  BRIAN R. FAERSTEIN
                                  Assistant United States Attorney


Dated:  September 20, 2017        _____/s/_____
                                  BRIAN P. BERSON
                                  Attorney for JENNIFER RENEE MCPIKE


Dated:  September 20, 2017        _____/s/_____
                                  GALIA AMRAM
                                  Attorney for EFRAIN GERARDO SANTAMARIA


## Attestation of Filer

In addition to myself, the other signatories to this document are <u>Brian P. Berson</u> and <u>Galia Amram</u>.  I hereby attest that I have their permission to enter a conformed signature on their behalf and to file this document.

Dated:  September 20, 2017        _____/s/_____
                                  BRIAN R. FAERSTEIN
                                  Assistant United States Attorney

**[~~PROPOSED~~] ORDER**

For the reasons stated upon stipulation of the parties and for good cause shown, the Court finds that failing to exclude the time between September 19, 2017, and November 21, 2017, would unreasonably deny Mr. Santamaria continuity of counsel and deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court further finds that the ends of justice served by excluding the time between September 19, 2017, and November 21, 2017, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial.

Therefore, IT IS HEREBY ORDERED that the time between September 19, 2017, and November 21, 2017, shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

IT IS SO ORDERED.

DATED: 9/21/17

_____
HONORABLE RICHARD SEEBORG
United States District Judge